# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LUCKETT,<br><br>       Petitioner,<br><br>   v.<br><br>EDWARD S. ALAMEIDA, JR., Director,<br><br>       Respondent. | 1:03-CV-6055 OWW LJO HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

      Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

      Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of San Diego, following his conviction by jury trial on September 9, 1998, of kidnaping with a firearm during the commission of a carjacking and robbery. See Exhibit A, Respondent's Answer (hereinafter "Answer"). On November 4, 1998, Petitioner was sentenced to serve an indeterminate term of life with the possibility of parole, plus ten years. Id.

      With this petition, Petitioner does not challenge his underlying conviction and sentence.

---

[1]This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and Petitioner's traverse to Respondent's answer.

Rather, he challenges a prison disciplinary hearing held on October 19, 2001, in which Petitioner was found guilty of violating the grooming policy.

During the period of April 12, 2001, to September 5, 2003, Petitioner was housed at the Substance Abuse and Treatment Facility ("SATF") located at Corcoran, California. See Exhibit B, Answer. According to the Rules Violation Report ("RVR") dated October 9, 2001, Petitioner had been counseled for violating grooming standards on July 3, 2001, July 5, 2001, July 16, 2001, July 26, 2001, and September 8, 2001. See Exhibit C, Answer. The counseling conducted on July 5, 2001, was documented on a CDC Form 128-A and placed in Petitioner's central file.[2] See Exhibit D, Answer. On September 12, 2001, Petitioner was observed to be in violation of Cal. Code of Regulations Title 15, section 3062(h), which prohibits facial hair except under limited circumstances. See Exhibit E, Answer. On September 13, 2001, Petitioner was given the opportunity to come into compliance by shaving in the shower, but he refused. Id. The violation was classified as an administrative rules violation, and Petitioner was issued an RVR. Id. A disciplinary hearing was conducted on September 29, 2001, and Petitioner was found guilty, counseled, and reprimanded. Id. Because it was an administrative rules violation, Petitioner was not punished with time credit losses.

On October 9, 2001, Petitioner was observed with hair length out of compliance with inmate grooming standards as set forth in Cal. Code of Regulations Title 15, section 3062(e). See Exhibit C, Answer. Petitioner was again given an opportunity to come into compliance with grooming standards, but he refused. Id. Due to Petitioner's history of violating the grooming standards and the apparent ineffectiveness of verbal and written counseling, Petitioner was issued an RVR and the violation was classified as an "F Division" serious offense pursuant to Cal. Code of Regulations Title 15, section 3315(3)(K).[3] Id. A copy of the RVR was provided to Petitioner on October 18, 2001, at 8:08 p.m. Id.

On October 19, 2001, at 8:09 p.m., a disciplinary hearing was held with respect to the

---

[2] According to Respondent, "[a] CDC Form 128-A, also known as a 'custodial counseling chrono,' simply documents the conduct and activities of inmates and does not represent a disciplinary charge." See Answer at 2.

[3] Respondent states that serious disciplinary actions range from Division A, the most serious, to Division F, the least serious. Commission of a Division F offense may result in credit losses up to thirty (30) days.

1  October 9, 2001, violation. The senior hearing officer found Petitioner guilty and assessed Petitioner

2  a thirty (30) day loss of credit and ninety (90) day loss of privileges. Id. Petitioner was advised he

3  could appeal the decision. Petitioner was given a final copy of the RVR on November 2, 2001. Id.

4      On December 26, 2001, Petitioner submitted an inmate appeal requesting re-hearing of the

5  October 19, 2001, disciplinary hearing. See Exhibit B, Petition. On January 3, 2002, prison officials

6  denied the appeal as untimely pursuant to Cal. Code of Regulations Title 15, section 3084.6(c),

7  which requires an inmate to submit an appeal within fifteen (15) working days of the decision being

8  appealed. See Exhibit F, Answer.

9      On June 24, 2002, Petitioner filed a petition for writ of habeas corpus in the Kings County

10 Superior Court. The petition was denied on June 27, 2002, for failure to state a cognizable claim. See

11 Exhibit G, Answer. Petitioner then filed a petition for writ of habeas corpus in the California Court

12 of Appeals, Fifth Appellate District (hereinafter "5th DCA"). The petition was summarily denied on

13 September 26, 2002. See Exhibit H, Answer. Petitioner next filed a petition for writ of habeas corpus

14 in the California Supreme Court. The petition was denied on April 30, 2003, with citation to In re

15 Dexter, 25 Cal.3d 921 (1979). See Exhibit I, Answer.

16     On August 5, 2003, Petitioner filed the instant federal habeas petition in this Court. Petitioner

17 complains that he was not given an opportunity to present a defense. He states his requests for

18 witnesses, an investigative employee, a staff assistant, reports relied upon in the RVR, and additional

19 time to prepare were all denied. He claims he was denied twenty-four hours notice to prepare. He

20 claims he given a serious "Division F" violation classification, even though the grooming standard is

21 only an administrative offense. He further claims he was given the RVR in retaliation for filing a

22 citizen's complaint against Correctional Officer Patton. Finally, he claims he was not given a fair

23 hearing because Senior Hearing Officer ("SHO") Hooker was not an impartial trier of fact and held a

24 predisposition of Petitioner's guilt.

25     On December 3, 2003, Respondent filed an answer to the petition. Respondent contends that

26 Petitioner is procedurally barred from bringing his claims. He further claims the petition is without

27 merit as Petitioner was afforded all due process guaranteed by the Fourteenth Amendment. Petitioner

28 filed a traverse to Respondent's answer on June 24, 2004.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Corcoran State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

II.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

III.  Procedural Default

Respondent argues that this Court is barred from reviewing the instant petition. Respondent reasons that the California Supreme Court's citation to the decision of In re Dexter, 25 Cal.3d 921 (1979) suggests a failure to exhaust administrative remedies, and that finding constitutes state grounds independent of any federal question which are sufficient to support the judgment. Therefore, Petitioner has procedurally defaulted the claims he raises in the instant petition and cannot proceed in this Court.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991); LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." LaCrosse, 244 F.3d at 704, citing Michigan v. Long, 463 U.S. 1032, 1040-41 (1983); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996), quoting Coleman, 501 U.S. at 735 ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'"). "A state law is so interwoven if

1  'the state has made application of the procedural bar depend on an antecedent ruling on federal law

2  [such as] the determination of whether federal constitutional error has been committed." Park, 202

3  F.3d at 1152, *quoting* Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

4  To be deemed adequate, the state law ground for the decision must be well-established and

5  consistently applied. Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999), *quoting* Ford v. Georgia,

6  498 U.S. 411, 424 (1991) ("A state procedural rule constitutes an adequate bar to federal court

7  review if it was 'firmly established and regularly followed' at the time it was applied by the state

8  court."). Although a state court's exercise of judicial discretion will not necessarily render a rule

9  inadequate, the discretion must entail "the exercise of judgment according to standards that, at least

10  over time, can become known and understood within reasonable operating limits." Id. at 377,

11  *quoting* Morales, 85 F.3d at 1392.

12  In Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003), the Ninth Circuit held that although

13  the California untimeliness rule as expressed in In re Robbins was an independent state procedural

14  ground, the Court could not conclude that it was an adequate state procedural ground on the basis of

15  the record before it. The Ninth Circuit remanded the case to the district court to determine the issue

16  of adequacy (whether the timeliness bar was sufficiently well-established and consistently applied at

17  the time the default occurred). Id. While the ultimate burden of proving adequacy rests with the

18  respondent, the petitioner must place the state's affirmative defense of independent and adequate

19  state procedural grounds at issue "by asserting specific factual allegations that demonstrate the

20  inadequacy of the state procedure." Id.

21  Here, the California Supreme Court declined to review the merits of the petition and rejected

22  it by citing In re Dexter, 25 Cal.3d 921 (1979). In Dexter, the California Supreme Court held in

23  relevant part that an inmate will not be afforded judicial relief unless he has exhausted available

24  administrative remedies. Id. Here, it is apparent that Petitioner did not exhaust the available

25  administrative remedies.

26  The California Department of Corrections has an administrative grievance system for

27  prisoner complaints. Cal. Code Regs., tit. 15 § 3084 et seq. (2004). "Any inmate or parolee under the

28  department's jurisdiction may appeal any departmental decision, action, condition, or policy which

1   they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at § 3084.1(a).

2   Four levels of appeal are involved, including the informal level, first formal level, second formal

3   level, and third formal level - also known as the "Director's Level." Id. at § 3084.5. The Director's

4   Level is the final administrative level of review. See Wyatt v. Terhune, 315 F.3d 1108, 1116 (9th Cir.

5   2003).

6         In this case, Petitioner appealed his claims to the second level requesting a re-hearing of the

7   October 19, 2001, disciplinary hearing. However, Petitioner did not timely submit his appeal and it

8   was denied for that reason pursuant to § 3084.6(c). Petitioner did not seek any further levels of

9   administrative appeals. As Respondent correctly argues, the rule in California that an inmate must

10  exhaust his administrative appeals is well-established and has been applied since 1941. See Abelleira

11  v. District Court of Appeal, 17 Cal.2d 280, 292 (Cal. 1941). The rule was firmly established at the

12  time of Petitioner's default in 2001 and has been consistently applied since Abelleira. Dexter, 25

13  Cal.3d at 925; In re Muszalski, 52 Cal.App.3d 500, 503 (1975); In re Serna, 76 Cal.App.3d 1010,

14  1014 (1978); In re Arias, 42 Cal.3d 667, 678 (1986), Wright v. State, 122 Cal.App.4th 659 (Cal.App.

15  2004). In addition, Dexter is solely based on state law and is therefore independent of federal law.

16  See Carter v. Giurbino, 385 F.3d 1194, 1197-98 (9th Cir.2004) (state rule independent where "[n]o

17  federal analysis enters into the [rule's] equation"). Thus, the rule in Dexter is an adequate and

18  independent state ground that bars this Court from reaching the merits of Petitioner's claims.

19  Furthermore, Petitioner has failed to establish cause and prejudice sufficient to excuse the default.

20  IV.  Review of Petitioner's Claims

21         Petitioner contends he was unjustly issued a serious rules violation report. Notwithstanding

22  the fact that the petition should be dismissed based on Petitioner's procedural default, the petition is

23  also without merit as it is clear all due process requirements were met.

24         Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

25  diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418

26  U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a

27  prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's

28  due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v.

1    Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-

2    455 (1984).

3          However, when a prison disciplinary proceeding may result in the loss of good time credits,

4    due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the

5    disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional

6    goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement

7    by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S.

8    at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported

9    by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of

10   Immigration, 273 U.S. 103, 106 (1927)

11         Petitioner first alleges he was denied the minimum due process right of twenty-four hours

12   advance written notice of the disciplinary charges. The RVR shows, however, that Petitioner

13   received a copy of the RVR on October 18, 2001, at 8:08 p.m. See Exhibit C, Answer. The hearing

14   was held on October 19, 2001, at 8:09 p.m. Id. Thus, Petitioner's due process right was met.

15         Petitioner next claims his requests for witnesses, an investigative employee, a staff assistant,

16   reports relied upon in the Rules Violation Report ("RVR"), and additional time to prepare were all

17   denied. The RVR shows Petitioner was given all copies of reports used as evidence at least twenty-

18   four hours before the hearing. Id. No confidential reports were considered by the hearing officer. Id.

19   The RVR further shows that Petitioner did not request witnesses prior to the hearing. Petitioner did

20   request witnesses thereafter, but his requests were denied because they were made during the course

21   of the hearing. Id. Petitioner's requests for a staff assistant and investigative employee were

22   considered and denied. The hearing officer determined a staff assistant was not needed because

23   Petitioner was literate, did not require a confidential relationship, and could conduct his defense

24   without assistance. Id. The hearing officer determined an investigative employee was not necessary

25   because the case was not complex and Petitioner could conduct his own investigation. Id.

26         With respect to Petitioner's challenge to the classification of the offense as a "Division F"

27   serious rules violation, this classification is supported by Petitioner's history of continuously

28   violating grooming standards. Cal. Code of Regs., tit. 15, § 3315(a)(3)(K).

1    In sum, all due process requirements were satisfied and the guilty finding was supported by

2    "some evidence." Accordingly, Petitioner's claims are without merit and the petition should be

3    denied.

4                                    **RECOMMENDATION**

5    Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus

6    be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter

7    judgment.

8    This Findings and Recommendation is submitted to the assigned District Judge, pursuant to

9    the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with the

10   Findings and Recommendation, any party may file written objections with the Court and serve a

11   copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

12   Findings and Recommendation."  Any reply to the objections shall be served and filed within ten

13   days after service of the objections.  The parties are advised that failure to file objections within the

14   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

15   1153 (9th Cir. 1991).

16   IT IS SO ORDERED.

17   **Dated:   June 6, 2006**              **/s/ Lawrence J. O'Neill**
     23ehd0                                UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

U.S. District Court
E. D. California          cd                              9