UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE LUCKETT, | ) | 1:03-CV-06055 OWW LJO HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | [Doc. #38] |
| | ) | |
| EDWARD S. ALAMEIDA, JR., Director, | ) | ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO |
| | ) | FILE APPEAL |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 6, 2006, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be denied and judgment be entered. On July 31, 2006, the undersigned adopted the Findings and Recommendation in full, denied the petition, and directed that judgment be entered. The Clerk of Court entered judgment on the same date.

On September 6, 2006, Petitioner filed a motion requesting an extension of time to file a notice of appeal. Because the motion was filed more than 30 days after judgment was entered, pursuant to Rule 4(a)(5) the Magistrate Judge denied the motion. On October 20, 2006, Petitioner filed the instant motion for reconsideration.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner's arguments meet this standard.  Petitioner states he submitted his motion for extension of time to prison authorities on August 27, 2006, which was before the 30 days expired. The proof of service bears this out. Applying the mailbox rule to Petitioner's motion, the motion for extension of time is deemed filed the date Petitioner handed it to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk).

Accordingly, good cause having been presented and good cause appearing therefor, Petitioner's motion for reconsideration is GRANTED. Petitioner is GRANTED an extension of time *nunc pro tunc* to October 10, 2006, the date he filed his notice of appeal.

IT IS SO ORDERED.

**Dated:     October 27, 2006                    /s/ Oliver W. Wanger**
emm0d6                                         UNITED STATES DISTRICT JUDGE